IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                    Case No. 18-MJ-3457

TAVIS WASHBURN,

                    Defendant.

**UNOPPOSED MOTION TO CONTINUE GRAND JURY PRESENTEMENT
AND WAIVER OF SPEEDY TRIAL TIME**

          Tavis Washburn, through counsel, Assistant Federal Public Defender

Alejandro Fernandez, respectfully moves this Court to continue the grand jury

presentment for an additional period of 90 days.

          1.     On November 13, 2017, a preliminary hearing took place in this

matter in which it was determined that there was probable cause to find that Mr.

Washburn violated 18 U.S.C. § 1112 for the involuntary manslaughter of his

brother as his brother rode as his passenger in a car that he operated while drunk.

          2.     Government's counsel and the undersigned agree that a pre-

indictment resolution to this case may still be possible.  Previous Orders to

Continue were entered on November 20, 2018, and March 6, 2019, on the basis of

counsel's prior requests (Doc. 9, 10, 15, 16).  Since the previous request, both the

defense and the government consulted experts.  The experts indicated new information to each side.  The new information opens up the possibility of renewed discussions regarding a pre-indictment resolution to this case.  For the chance to continue negotiations, Mr. Washburn wishes to have the grand jury deadline postponed again.  He waives use of this time in any speedy trial calculation.

3.      Mr. Washburn understands that he had the right to have his case presented to a grand jury within thirty days of his arrest under 18 USC § 3161(b), and now, after any period of time the Court grants pursuant to this request.  He understands that this request would cause the time allotted excludable for the purposes of determining compliance with the speedy indictment provision of 18 USC § 3161(b).  Mr. Washburn thereby requests that an Order be entered excluding this requested time period pursuant to 18 USC § 3161(h)(7)(A).  Mr. Washburn understands that this will delay the proceedings in his case, and that his case will be presented to a grand jury if a pre-indictment resolution cannot be met.

4.      Mr. Washburn agrees with this request for a continuance and will not be prejudiced in the event that it is granted.  Counsel has discussed with Mr. Washburn his rights under the Speedy Trial Act and he understands the need for a continuance and respectfully asks that this Court grant the instant request.

5.      In compliance with the provisions of 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that the ends of justice will be served by

granting this extension of time in which to litigate this case pre-indictment.  <u>See</u>
<u>United States v. Hernandez-Mejia</u>, 406 Fed. App'x. 330, 338 (10th Cir. 2011)
("The Speedy Trial Act was intended not only to protect the interests of
defendants, but was also 'designed with the public interest in mind.'") (quoting
<u>United States v. Toombs</u>, 574 F.3d 1262, 1273 (10th Cir. 2009)).  Additional time
will allow the defense and prosecution the opportunity to try to reach a resolution
that will greatly save judicial and prosecutorial resources.

      6.    The Federal Rules of Criminal Procedure, the Speedy Trial Act, and
the Federal Rules of Evidence all contemplate the use of pre-trial resources in the
effort to settle cases without trial.  <u>See</u> Fed.R.Crim.P. 11(c); 18 U.S.C.
§ 3161(h)(1)(G); Fed.R.Evid. 410.  A continuance that aims to avoid an
unnecessary grand jury presentment will conserve judicial resources and serve the
purposes of the Speedy Trial Act.  <u>See</u> <u>Connolly v. United States</u>, 2013 WL
530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial
resources and delay in the trial of other cases is contrary to the objectives
underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 <i>et seq.</i>); <u>United States</u>
<u>v. Stanton</u>, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the
obvious reason the district court granted the motion was to conserve judicial
resources by avoiding potential piecemeal litigation, and this justified an ends of
justice finding under § 3161"); <u>United States v. Stradford</u>, 394 F.App'x 923, 927,

2010 WL 3622995 (3d Cir. 2010) (unpublished) (affirming the grant of a

continuance for several reasons including time to discuss plea negotiations and the

continuance would likely conserve judicial resources).

7.     This motion is not predicated upon the congestion of the Court's

docket.

8.     AUSA Allison Jaros does not oppose this Motion to Continue and

Waiver of Speedy Trial Time.


        **WHEREFORE**, Mr. Washburn respectfully requests that this Court

continue the grand jury presentment for an additional 90 days.



                        Respectfully Submitted,


                        *[Electronically Filed]*
                        ALEJANDRO B. FERNANDEZ
                        Counsel for Mr. Washburn
                        Federal Public Defender
                        111 Lomas Blvd. NW, Suite 501
                        Albuquerque, New Mexico 87102
                        (505) 346-2489
                        alejandro_fernandez@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on April 25, 2019, I filed the foregoing electronically through the CM/ECF system, which caused AUSA Allison Jaros to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*[Electronically Filed]*